1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSEPH D. ANDERSON,

      Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

      Respondents.

Case No. 2:14-cv-02015-JAD-VCF

**Order Denying Motion to Dismiss, Request
for Appointment of Counsel, and
Motion for Leave to File a Surreply**

[ECF 7, 12]

9      Pro se prisoner Joseph D. Anderson brings this federal habeas-corpus action under 28 U.S.C.

10 § 2254 to challenge his 2013 DUI conviction in Nevada state court.  Respondents move to dismiss

11 his petition, arguing that Anderson has not exhausted state-court remedies for the ineffective-

12 assistance-of-counsel claims he alleges under Grounds 1(A) and (B) of his petition.[1]  Anderson

13 opposes the motion and asks the court to appoint him counsel[2] and permit him to file a surreply.[3]  I

14 find that Anderson's challenged claims have been exhausted, so I deny respondents' motion to

15 dismiss this petition.  I also deny Anderson's request for counsel and to file a surreply.

16 **Background**

17       With his petition, Anderson seeks to challenge a conviction and sentence imposed by

18 Nevada's Fifth Judicial District Court.  On February 11, 2013, Anderson entered a plea of guilty to a

19 charge of driving under the influence (DUI) resulting in death, a felony.  On April 23, 2013, the state

20 district court entered a judgment of conviction and sentenced Anderson to a maximum of twenty

21 years with a minimum parole eligibility of eight years.

22       Anderson appealed.  The Nevada Supreme Court affirmed the judgment of conviction and

23

24 [1] ECF 7.

25 [2] ECF 10 at 8.

26 [3] ECF 12.

1  later denied his petition for rehearing.  In May 2014, Anderson filed a state petition for habeas-

2  corpus relief in the state district court.  The court denied the petition.  Anderson appealed, and the

3  Nevada Supreme Court affirmed the denial in September 2014.

4       In November 2014, Anderson initiated this federal habeas corpus proceeding.

5                                            **Discussion**

6  **A.    Exhaustion of claims in state court**

7       Respondents argue that Anderson failed to exhaust state court remedies for the ineffective-

8  assistance-of-counsel (IAC) claims he alleges in Grounds 1(A) and 1(B) of his petition.  A federal

9  court will not grant a state prisoner's petition for habeas relief until he has exhausted his available

10 state remedies for all claims raised.[4]  A petitioner must give the state courts a fair opportunity to act

11 on each of his claims before he presents those claims in a federal habeas petition.[5]  A claim remains

12 unexhausted until the petitioner has given the highest available state court the opportunity to

13 consider the claim through direct appeal or state collateral-review proceedings.[6]

14      To exhaust a claim, a habeas petitioner must "present the state courts with the same claim he

15 urges upon the federal court"[7]; the state court must be "alerted to the fact that the prisoner [is]

16 asserting claims under the United States Constitution" and be given the opportunity to correct

17 alleged violations of the prisoner's federal rights.[8]  The petitioner must present to the state court the

18

19

---

20 [4] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

21 [5] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365
22 (1995).

23 [6] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376
   (9th Cir. 1981).

24 [7] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

25 [8] *Duncan*, 513 U.S. at 365; *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

26

same operative facts and legal theory upon which his federal habeas claim is based.[9]  The exhaustion requirement is not met if the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts or where different facts are presented at the federal level to support the same theory.[10]

### 1.      Ground 1(A)

In Ground 1(A), Anderson alleges that he received ineffective assistance of counsel because counsel recommended that he enter a guilty plea, then appeal on double jeopardy grounds, when the more favorable course was to take the case to trial.  Respondents concede that Anderson raised a similar ground in his state post-conviction proceeding, but argue that the claim is unexhausted because Anderson's allegation that, but for counsel's advice, he would have insisted on going to trial was not part of the claim he presented to the state court in his post-conviction proceeding.

While respondents are correct that this specific allegation was absent, the relevant claim in Anderson's state petition did allege that counsel should have recommended that Anderson take the case to trial.[11]  Implicit in the claim is that Anderson would have followed that advice.  Thus, I find the claim exhausted.

Respondents also contend that Ground 1(A) is unexhausted because, in his federal petition, Anderson cites to a letter from his trial counsel; while included with his state petition, this letter was referenced in support of a different IAC claim.  In that letter, counsel concedes that he may have given Anderson poor advice by recommending that he enter a guilty plea.[12]  While I question

---

[9] *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[10] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

[11] ECF 9-14 at 4.

[12] ECF 5 at 8.

1  whether I may consider the letter in adjudicating Anderson's claim,[13] Anderson's reference to the

2  letter does not fundamentally alter the claim presented to the state court.  Thus, Anderson's

3  presentation of the claim in state court was sufficient for exhaustion purposes.[14]

4        **2.**     ***Ground 1(B)***

5        In Ground 1(B), Anderson alleges that he received ineffective assistance of counsel because

6  counsel was unfamiliar with the law relevant to his case: his prior misdemeanor traffic conviction

7  did not implicate the Double Jeopardy Clause because it was not a lesser-included offense of the

8  felony DUI causing death.  Respondents again concede that Anderson raised a similar claim in his

9  state post-conviction proceeding, but argue that this claim is unexhausted because it includes new

10  language that was not included in Anderson's state petition:

11           An attorney's responsibility is to investigate and to evaluate his
          client's options in the course of the subject legal proceedings and then

12           to advise the client as to the merits of each.[15]

13  Respondents contend that this is a separate and different claim than the one Anderson presented to

14  the state court, so it is unexhausted.

15        Anderson responds that his claim in state court included this language:

16

17           Counsel's failure to familiarize himself with the facts and Law relevant
          to the case in relation to the Guilty Plea constitutes Ineffective
          Assistance and renders the Plea Involuntarily entered. *Herring v.*

18           *Estelle*, 491 F.2d 125 ([5th Cir.] 1974).[16]

19  He suggests that there is not an appreciable difference in meaning between the two quotations.

20

---

21  [13] *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

22  [14] *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) ("We hold merely that the supplemental
evidence presented by respondent did not fundamentally alter the legal claim already considered by

23  the state courts, and, therefore, did not require that respondent be remitted to state court for
consideration of that evidence.").

24  [15] ECF 5 at 4 (quoting *Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991) (citations omitted)).

25  [16] ECF 10 at 3–4 (citing ECF 9-14 at 4).

26

1      References to case law in pleading a habeas claim may be relevant to whether a petitioner is

2   alleging a federal-law claim, but they do not necessarily dictate whether *factual allegations* have

3   been presented to the state court for exhaustion purposes.  Anderson's operative factual claim in

4   Ground 1(B) is that his attorney misapprehended the double-jeopardy consequences of Anderson's

5   conviction on the misdemeanor traffic offense in relation to a guilty plea on the felony DUI charge.

6   His reference to *Stano v. Duggar* neither altered nor amended that claim.  Thus, it did not render

7   Ground 1(B) unexhausted.  For the same reason, I reject respondents' argument that the excerpted

8   language constitutes a separate claim that must be dismissed as conclusory.

9      Respondents' motion to dismiss is denied.

10  **B.      State court evidentiary hearing**

11     In its decision affirming the lower court's dismissal of Anderson's habeas petition, the

12  Nevada Supreme Court concluded that the lower court did not err by denying relief without holding

13  an evidentiary hearing.[17]  Anderson's petition contains a section entitled "Judicial Notice" in which

14  he references that conclusion and argues that it violates his state and federal constitutional rights.[18]

15  Respondents argue that, to the extent Anderson is seeking to raise this issue as a substantive habeas

16  claim, it is unexhausted and not cognizable as a ground for federal habeas relief.

17     A habeas petition "alleging errors in the state-post conviction review process is not

18  addressable through habeas corpus proceedings."[19]  Consequently, any claim that the state court erred

19

20  [17] ECF 9-24.

21  [18] ECF 5 at 5.

22  [19] *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (holding that a due process claim arising from
    state post-conviction review proceeding is not cognizable on federal habeas review); *see also Ortiz v.*
23  *Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (noting that federal habeas relief is not available to
    "redress alleged procedural errors in state post-conviction proceedings"); *Poland v. Stewart*, 169
24  F.3d 573, 584 (9th Cir. 1998) ("Federal habeas courts lack jurisdiction . . . to review state court
    applications of state procedural rules."); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997)
25  (concluding that alleged errors concerning Arizona's post-conviction review process are not
    cognizable in federal habeas proceeding); *Carriger v. Stewart*, 95 F.3d 755, 762 (9th Cir. 1996)

26
                                                5

1  by not affording Anderson an evidentiary hearing in relation to his state habeas petition is not

2  cognizable on federal habeas review.

3  **C.      Request for appointment of counsel**

4        In his response to respondents' motion to dismiss, Anderson requests court-appointed

5  counsel.  There is no constitutional right to appointed counsel for a federal habeas-corpus

6  proceeding,[20] but 18 U.S.C. §3006A(a)(2)(B) gives district courts the discretion to appoint counsel if

7  the "interests of justice" require representation.[21]  The court must appoint counsel only if the case is

8  so complex that denial of counsel would amount to a denial of due process or the petitioner's

9  education is so limited that he is incapable of fairly presenting his claims.[22]

10       The issues in this case are not particularly complex, Anderson has demonstrated the ability to

11  clearly and forcefully articulate his arguments in this proceeding, and he has presented his claims in a

12  sufficiently clear manner.  Accordingly, it does not appear that counsel is justified here.  Anderson's

13  request for court-appointed counsel is denied.

14  **D.      Motion to file a surreply**

15       After the respondents filed a reply in support of their motion to dismiss, Anderson filed a

16  motion to file a surreply, which respondents oppose.[23]  Because I did not rely on Anderson's surreply

17  when denying respondents' motion to dismiss, I deny Anderson's request to file a surreply as moot.

18

19

---

20  (same), *rev'd on other grounds*, 132 F.3d 462 (1997).

21  [20]  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.
22  1993).

23  [21] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th
   Cir. 1984).

24  [22] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

25  [23] ECF 12, 13.

26
                                             6

**Conclusion**

IT IS THEREFORE ORDERED that **respondents' motion to dismiss [ECF 7] is DENIED.**
**Respondents have until February 29, 2016, to file an answer** to the claims in the petition.
Petitioner **Anderson will have 30 days after service of respondents' answer to file a reply.**

IT IS FURTHER ORDERED that **petitioner's motion to file a surreply [ECF 12] is**
**DENIED** as moot, **and his request for appointment of counsel [ECF 10] is DENIED.**

Dated January 14, 2016

_____
Jennifer Dorsey
United States District Judge

7