|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Joseph D. Anderson,<br><br>    Petitioner<br><br>  v.<br><br>Dwight Neven, et al.,<br><br>    Respondents | Case No.: 2:14-cv-02015-JAD-VCF<br><br>**Order Granting in Part Petition for Writ of Habeas Corpus**<br><br>[ECF No. 5] |

Pro se petitioner Joseph D. Anderson is a prisoner at the High Desert State Prison who is serving 8–20 years after pleading guilty to DUI resulting in death.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254, offering several reasons why he believes his trial counsel was ineffective for encouraging him to plead guilty.[2] I find that Anderson has shown that his trial counsel was ineffective, so I grant in part his petition for a writ of habeas corpus.

## Background[3]

One morning in October 2011, Willeta Miller and her husband, Lonnie Scott, left their home in Pahrump, Nevada, to watch the Fall Festival parade.[4] They stopped their red truck at a stop sign where Mesquite Road and Highway 160 intersect.[5] As all careful drivers do, they looked both ways and saw a pickup truck driving towards them on Mesquite and a tan car

---

[1] Nev. Dep't of Corr. (Mar. 29, 2018) http://doc.nv.gov/Inmates/Home/ (inmate search by name Joseph Anderson (middle name Darrell) or offender ID 1102060); *see also* ECF No. 5 at 2.

[2] ECF No. 5.

[3] The background facts surrounding the car accident and the events leading up to it are extrapolated from the preliminary hearing transcript. They are not necessarily relevant to my decision in this case. Nevertheless, I include them as context for Anderson's claims. They are not intended to be findings of fact.

[4] ECF No. 8-5 at 5–6.

[5] *Id.* at 5, 7, 14.

1

driving towards them on the highway.[6] The truck approached the intersection, slowed—possibly even stopped[7]—and then proceeded to cross the intersection.[8]

Genessee Martin was driving the tan car with her husband Ronald as her passenger,[9] and Anderson was driving the truck.[10] As she neared the intersection, Genessee saw Anderson slow down as he approached his stop sign and saw Willeta and Lonnie stopped at their stop sign across from Anderson.[11] Anderson didn't yield to Genessee, and before she knew it, Anderson was directly in front of her.[12] She slammed on her breaks, but it was too late; she collided with Anderson, causing him to spin around and crash into Willeta and Lonnie.[13] Lonnie died instantly.[14]

Investigators determined that, had Anderson yielded to Genessee, the accident would not have occurred.[15] They also found traces of marijuana in Anderson's blood.[16] The State filed two criminal complaints against Anderson. One complaint charged Anderson with failing to yield, driving without a valid license, and security for tort liabilities.[17] The other charged him with driving under the influence (DUI) of a controlled substance resulting in the death of

---

[6] *Id.* at 7, 13.

[7] *Id.* at 26.

[8] *Id.* at 8–9.

[9] *Id.* at 13–14.

[10] *Id.* at 16–17.

[11] *Id.* at 14.

[12] *Id.*

[13] *Id.* at 14–15.

[14] *Id.* at 10.

[15] *Id.* at 23–24.

[16] *Id.* at 26–27.

[17] ECF No. 8-9 at 15–16.

another.[18]  Anderson pled no contest to the failure-to-yield charge and guilty to the driving-without-a-valid-license and security-for-tort-liabilities charges.[19]

Anderson then moved to dismiss the DUI complaint on double-jeopardy grounds, arguing that jeopardy attached when he pled no contest to the failure-to-yield charge.[20]  The court denied Anderson's motion,[21] holding that jeopardy had not yet attached because it wasn't clear whether the State would use Anderson's failure to yield as a basis for his DUI charge.[22]  The court emphasized that the State could prove the DUI charge by proving a "violation of *any* legal duty or obligation[,]" and failing to yield is just one of many legal duties.[23]  And the court made clear, in ALL-CAPS font, that "IF THE STATE IS UNABLE TO PROVE ANY VIOLATION OF LEGAL DUTY AT TRIAL OTHER THAN THE FAILURE TO STOP, THEN THIS CASE [WOULD] BE DISMISSED[.]"[24]

In light of the dismissal-motion denial, Anderson's counsel, Harold Kuehn, Esq., recommended that Anderson plead guilty to the DUI charge so that he could "appeal the conviction on jeopardy grounds."[25]  Anderson pled guilty in exchange for the State dismissing two other pending cases against Anderson,[26] and the appeal was unsuccessful.[27]  Anderson was

---

[18] ECF No. 8-1.

[19] ECF No. 89 at 22–23.

[20] ECF No. 8-9 at 7.

[21] ECF No. 8-13.

[22] *Id.* at 6.

[23] *Id.* at 5.

[24] *Id.* at 6.

[25] ECF No. 5 at 8.

[26] ECF No. 8-23.  Though not specified in the guilty-plea agreement, it appears from the record that the dismissed cases involved a felony unlawful-use-of-a-controlled-substance charge and a misdemeanor charge.  ECF No. 9-6 at 2–3.

[27] ECF No. 5 at 8.

3

sentenced to the maximum term of 96–240 months.[28] Kuehn then wrote to Anderson, admitting that he gave poor advice and that he regretted it:

> In our pretrial discussions, I recommended that you **plead guilty** to the felony DUI and I would then appeal the conviction on jeopardy grounds. **What I should have recommended is taking the matter to jury trial.** The DA would likely have proved the felony DUI based on your stop sign violation. **If the guilty verdict after trial was based on you running the stop sign**, your jeopardy claim would have been much stronger, according to the way I read Illinois v. Vitale, 447 U.S. 410, 419–421 (1980). Put another way, by failing to take this matter to trial, your jeopardy claim was premature. Had you been convicted by a jury [and assuming the stop sign violation was the basis for the felony DUI], your jeopardy claim may well have succeeded. I regret my advice and I apologize for any undeserved consequences.[29]

In an earlier letter, Kuehn told Anderson that he intended to file a petition for en banc reconsideration if the Nevada Supreme Court affirmed the conviction. After exhausting his ineffective-assistance-of-counsel claims in the state courts,[30] Anderson filed this petition.

### Discussion

**A.    Standard of review**

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31] A state court acts contrary to clearly established federal law if it

---

[28] ECF No. 8-26. The Nevada Division of Parole and Probation recommended a 32–144-month sentence. *Id.*

[29] *Id.* I transcribed this letter exactly as it appears in the original, typeface and brackets included.

[30] ECF No. 15.

[31] 28 U.S.C. § 2254(d).

4

applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[32] And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[33] Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[34] The "objectively unreasonable" standard is difficult to satisfy;[35] "even 'clear error' will not suffice."[36]

Habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[37] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[38] "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[39] The Antiterrorism and Effective Death Penalty Act (AEDPA) "thus imposes a 'highly deferential standard for evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[40] If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim

---

[32] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[33] *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014).

[34] *White*, 134 S. Ct. 1705–06.

[35] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[36] *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

[37] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[38] *Id.* at 103.

[39] *Id.* at 101.

[40] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

5

de novo.[41]

**B.    Ineffective-assistance standard**

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[42] Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[43] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[44] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[45] In the guilty-plea context, this standard requires the petitioner to show that he would not have pleaded guilty but for his counsel's objectively unreasonable advice.[46]

**C.    The Nevada Supreme Court unreasonably applied clearly established federal law when it denied grounds 1(A) and 1(B).**

In ground 1(A), Anderson claims that Kuehn was ineffective because he recommended that Anderson plead guilty to the DUI charge instead of taking the case to trial so that Kuehn could immediately appeal the conviction on double-jeopardy grounds.[47] And in ground 1(B), Anderson claims that Kuehn was ineffective because he misunderstood the law when he gave

---

[41] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[42] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[43] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[44] *Strickland*, 466 U.S. at 690.

[45] *Id.* at 694.

[46] *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

[47] ECF No. 5.

Anderson the advice to plead guilty.[48] I find that these two claims are so intertwined that they are properly construed as a single claim.[49]

Anderson raised these claims in his state-court post-conviction petition for a writ of habeas corpus,[50] and the state trial court summarily denied them without discussion.[51] On appeal, the Nevada Supreme Court correctly identified *Strickland* as the governing standard but then unreasonably applied it. The High Court rejected Anderson's claims on the ground that his "bare claim failed to demonstrate prejudice" because "he did not allege that he rejected an earlier, more favorable plea offer due to counsel's inaccurate legal assessment"[52] nor "did he allege that, but for counsel's advice, he would not have pleaded guilty [and] would have insisted on going to trial."[53]

There are two issues with the Court's analysis that make it an unreasonable application of clearly established federal law. First, Anderson's claim is not that Kuehn was ineffective for encouraging him to reject an earlier, more favorable plea offer. Anderson instead claims that Kuehn was ineffective for encouraging him to plead *at all* when going to trial was clearly the more advantageous choice. So, the fact that Anderson did not allege that he "rejected an earlier, more favorable plea offer due to counsel's inaccurate legal assessment" had no bearing on his claim.

---

[48] *Id.*

[49] The Nevada Supreme Court did the same when it affirmed the lower court's denial of Anderson's post-conviction habeas petition. ECF No. 9-24. Pro se pleadings are liberally construed. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). I also note that, even if I analyzed these claims separately, the result would be the same: the Nevada Supreme Court unreasonably applied *Strickland* to Anderson's claims.

[50] ECF No. 9-14.

[51] ECF No. 9-17.

[52] Citing *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

[53] ECF No. 9-24 at 3 (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985) and *Kirksey v. State*, 923 P.2d 1102, 1107 (Nev. 1996)).

7

1    Second, the Nevada Supreme Court improperly placed form over substance in citing to
Anderson's failure to demonstrate prejudice. *Hill v. Lockhart*[54]—a case that the Nevada
Supreme Court relied on for this holding—is illustrative. In *Hill*, the United States Supreme
Court held that, "where the alleged error of counsel is a failure to advise the defendant of a
potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will
depend largely on whether the affirmative defense likely would have succeeded at trial."[55]

Anderson's claim is analogous. He claimed in his state post-conviction petition that the
trial *itself* would have provided him with a complete double-jeopardy defense because the State
likely would have used his failure to yield as the predicate legal-duty breach to support the DUI
charge. And he claimed that he pled guilty only on Kuehn's recommendation. So, it would be
redundant to require Anderson to allege that he would have insisted on going to trial but for
Kuehn's advice. It appears that the Nevada Supreme Court's focus on the trees caused it to lose
sight of the forest here. It unreasonably found that Anderson failed to demonstrate prejudice,
and it failed to consider the likelihood of success that Anderson would have had at trial on his
double-jeopardy defense.

**D.    I review grounds 1(A) and 1(B) de novo.**

Because Anderson has demonstrated error under § 2254(d), I review his claims de
novo.[56] I must decide whether Kuehn's representation was objectively unreasonable and that,
but for Kuehn's advice, Anderson would have insisted on going to trial with a reasonable
probability of success. Of prime significance is the state trial court's order denying Anderson's
motion to dismiss the DUI charge on double-jeopardy grounds. The court made it remarkably
clear—in ALL-CAPS font—that it would dismiss the DUI charge if the State used Anderson's

---

[54] *Hill*, 474 U.S. 52.

[55] *Id.* at 59 (citing *Evans v. Meyer*, 742 F.2d 371, 375 (CA7 1984) ("It is inconceivable to us . . . that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received.")).

[56] *See Frantz*, 533 F.3d 724.

8

failure to yield as the predicate legal-duty breach.[57] Also emphasized was that the double-jeopardy defense was premature until the prosecution presented its case and identified a legal duty that Anderson breached.[58] The court explained that Anderson would have a valid double-jeopardy claim if the State used Anderson's failure to yield as a basis for the DUI charge, but if it used some other breached legal duty, then the claim would be unavailable.[59]

Despite the clarity of this order, Kuehn told Anderson to plead guilty to the DUI charge so that Kuehn could appeal it on double-jeopardy grounds.[60] Anderson relied on Kuehn's advice, pled guilty while reserving his right to appeal on double-jeopardy grounds, and was woefully let down when his conviction was affirmed because—not surprisingly—jeopardy had not yet attached.[61] Kuehn then wrote to Anderson, apologizing for giving him bad advice, admitting that he should have taken the case to trial (as the state trial court explained in its order denying Anderson's dismissal motion), regretting his advice, apologizing for any undeserved consequences, and providing Anderson with NRS authority for petitioning for a writ of habeas corpus.[62] Kuehn went on to tell Anderson that he could not assist in pursuing post-conviction relief because "the most common ground raised is that your attorney ineffectively assisted you."[63]

---

[57] ECF No. 8-13 at 6.

[58] *Id.* at 7–8.

[59] *Id.* at 9.

[60] ECF No. 5 at 8.

[61] ECF No. 9-7.

[62] ECF No. 5 at 8.

[63] *Id.* This letter is attached to Anderson's petition. Relying on *Cullen v. Pinholster*, 563 U.S. 170 (2011), respondents argue that Anderson may not rely upon the letter in this case because, while he included it with his state petition, he referenced it in support of a different ineffective-assistance claim. Respondents cite to no authority to support such a narrow reading of *Pinholster*. Because the letter was part of "the record before the state court" at the time the relevant decision was made, it may be considered by this court in this proceeding. *See Pinholster*, 563 U.S. at 182.

9

No reasonable attorney would have advised Anderson the way that Kuehn did. The trial court explained that Anderson would have to go to trial in order to later raise the double-jeopardy defense. Kuehn's advice was in direct contraversion to the court's order. And had Anderson gone to trial, there is a high likelihood that he would have been able to raise the double-jeopardy defense successfully. Based on the evidence presented at Anderson's preliminary hearing, the proximate cause of Lonnie's death was Anderson's failure to yield at the stop sign.[64] The State's information charging Anderson identified only his failure "to yield from a stop sign to oncoming traffic" as the proximate cause of the Lonnie's death.[65] And nothing in the record before me suggests that the State was prepared to rely on an alternative theory.

In addition, the benefits that Anderson obtained as a result of entering a guilty plea were negligible compared to the significant likelihood that the case would have been dismissed on double-jeopardy grounds had Anderson proceeded to trial. In exchange for pleading guilty, the State dropped two other cases that it had pending against Anderson, agreed to stand silent at Anderson's sentencing hearing, and allowed Anderson to reserve his right to appeal the conviction on double-jeopardy grounds.[66] But one of the pending cases was for the unlawful use of a controlled substance—a Category E felony—which is punishable by a term of 1–4 years and, in most cases, the court is required to suspend the sentence and grant probation.[67] The other pending case was a misdemeanor. And, although the State agreed to stand silent at sentencing, Lonnie's wife was permitted to testify about the impact that the crime had on her.[68] Anderson received the maximum sentence available for DUI causing death.[69]

---

[64] ECF No. 8-5.

[65] ECF No. 8-8 at 2.

[66] ECF No. 16.

[67] *See* Nev. Rev. Stat. §§ 453.411, 193.130(e).

[68] ECF No. 8-26 at 9–12.

[69] *See* Nev. Rev. Stat. § 484C.430.

As a practical matter, Anderson would have been no worse off getting convicted at trial, but he stood to gain a significant benefit in letting the prosecution present its case in chief. By following Kuehn's advice to plead guilty, Anderson foreclosed any possibility of a double-jeopardy defense. The choice to plead guilty prejudiced Anderson in the manner contemplated by *Hill*,[70] and he would have proceeded to trial—and likely prevailed—had he not received objectively unreasonable legal advice.

Respondents argue that Anderson fails to demonstrate prejudice because the Nevada Supreme Court denied his double-jeopardy challenge on direct appeal and "did not differentiate or suggest that Anderson's entry of a guilty plea placed the issue in a weaker position or otherwise impacted the court's analysis of the double jeopardy claim."[71] This argument misses the mark. Because Anderson had entered a guilty plea, the Nevada Supreme Court had no reason to address whether his rights under the Double Jeopardy Clause would be violated if the State, at trial, relied on Anderson's failure to yield as the proximate cause of Lonnie's death. Because I find that Anderson was denied his constitutional right to effective assistance of counsel, he is entitled to habeas relief based on grounds 1(A) and 1(B).

**E.     Ground 1(C)**

In ground 1(C), Anderson alleges that he gained no advantage from Kuehn's representation, which constitutes a denial of his constitutional right to counsel. He points out that his guilty plea resulted in the "absolute maximum sentence."[72] But Anderson does not identify a particular error or omission that is not alleged in grounds 1(A) or 1(B). This claim therefore fails,[73] and I deny relief based on it.

---

[70] *Hill*, 474 U.S. at 60.

[71] ECF No. 16 at 11.

[72] ECF No. 5 at 4.

[73] *See Bell v. Cone*, 535 U.S. 685, 695 (2002) ("Without proof of both deficient performance and prejudice to the defense, it [cannot] be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' . . . and the sentence or conviction should stand.").

11

## F. Ground 1(D)

Anderson alleges in ground 1(D) that he was denied effective assistance of appellate counsel because his appellate counsel did not file a petition for en banc consideration in relation to his direct appeal in the Nevada Supreme Court. In support of this claim, Anderson submitted a letter from Kuehn, in which Kuehn indicated that he would file such a petition if the Nevada Supreme Court denied Anderson's petition for rehearing.[74]

The *Strickland* standard applies to claims of ineffective assistance of appellate counsel.[75] The Nevada Supreme Court addressed ground 1(D) in Anderson's state post-conviction proceeding and held that Anderson's "bare claim failed to demonstrate deficiency or prejudice. [Anderson] failed to identify any grounds that would have warranted en banc reconsideration[,]" so the High Court affirmed the lower court's denial of ground 1(D).[76] Anderson has not demonstrated that the Nevada Supreme Court unreasonably applied the *Strickland* standard in evaluating the lower court's decision on ground 1(D), so I deny habeas relief based on it.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus **[ECF No. 5] is GRANTED.** Anderson must be **RELEASED from custody by May 31, 2018, UNLESS the State elects to retry him**. If the State chooses to do so, it must file, by May 31, 2018, a written notice of election to try petitioner on the charge contained in the information filed in the Fifth Judicial District Court for Nevada on June 21, 2012, in case number CR7190, and thereafter commence jury selection in the trial within 120 days following the filing of that notice, subject to requests by either party for reasonable modification of time periods.

The **Clerk of Court** is directed to **ENTER FINAL JUDGMENT in favor of Anderson and against respondents** as provided in this order. The **Clerk of Court** is also directed to

---

[74] ECF No. 5 at 10.

[75] *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

[76] ECF No. 9-24 at 3–4.

provide a copy of this order and the judgment to the Clerk of Nevada's Fifth Judicial District Court, referencing that court's case number CR7190.

Dated: April 2, 2018

_____
U.S. District Judge Jennifer A. Dorsey