# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Joseph D. Anderson,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

Case No.: 2:14-cv-02015-JAD-VCF

**Order Denying Motion for Reconsideration**

[ECF Nos. 24, 30]

On April 3, 2018, I granted in part Joseph Anderson's petition for a writ of habeas corpus after finding that his trial counsel was ineffective for encouraging him to plead guilty to his DUI-causing-death charge.[1] Respondents request that I reconsider my ruling under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.[2] But they fail to persuade me that my ruling was wrong or that reconsideration is appropriate in light of newly discovered evidence or a change in the law, so I deny the motion.

## Background

After petitioner Joseph Anderson killed someone in a car accident, the State of Nevada brought separate criminal actions against him.[3] One complaint charged Anderson with failing to yield, driving without a valid license, and security for tort liabilities.[4] The other charged him with driving under the influence (DUI) of a controlled substance resulting in the death of another.[5] Anderson pled no contest to the failure-to-yield charge and guilty to the driving-without-a-valid-license and security-for-tort-liabilities charges.[6]

---

[1] ECF No. 22.

[2] ECF No. 24.

[3] ECF Nos. 8-9, 8-1.

[4] ECF No. 8-9 at 15–16.

[5] ECF No. 8-1.

[6] ECF No. 8-9 at 22–23.

1

Anderson then moved to dismiss the DUI complaint on double-jeopardy grounds, arguing that jeopardy attached when he pled no contest to the failure-to-yield charge.[7] The court denied Anderson's motion,[8] holding that jeopardy had not yet attached because it wasn't clear whether the State would use Anderson's failure to yield as a basis for his DUI charge.[9] The court emphasized that the State could prove the DUI charge by showing a "violation of *any* legal duty or obligation[,]" and failing to yield is just one of many legal duties.[10] And the court made clear, in ALL-CAPS font, that "IF THE STATE IS UNABLE TO PROVE ANY VIOLATION OF LEGAL DUTY AT TRIAL OTHER THAN THE FAILURE TO STOP, THEN THIS CASE [WOULD] BE DISMISSED[.]"[11]

In light of the dismissal-motion denial, Anderson's counsel, Harold Kuehn, Esq., recommended that Anderson plead guilty to the DUI charge so that he could "appeal the conviction on jeopardy grounds."[12] Anderson pled guilty in exchange for the State dismissing two other pending cases against him,[13] and the appeal was unsuccessful.[14] Anderson was sentenced to the maximum term of 96–240 months.[15] Kuehn then wrote to Anderson, admitting that he gave poor advice and that he regretted it:

> In our pretrial discussions, I recommended that you **plead guilty** to the felony DUI and I would then appeal the conviction on jeopardy

---

[7] *Id.* at 7.

[8] ECF No. 8-13.

[9] *Id.* at 6.

[10] *Id.* at 5.

[11] *Id.* at 6.

[12] ECF No. 5 at 8.

[13] ECF No. 8-23. Though not specified in the guilty-plea agreement, it appears from the record that the dismissed cases involved a felony unlawful-use-of-a-controlled-substance charge and a misdemeanor charge. ECF No. 9-6 at 2–3.

[14] ECF No. 5 at 8.

[15] ECF No. 8-26. The Nevada Division of Parole and Probation recommended a 32–144-month sentence. *Id.*

> grounds.  **What I should have recommended is taking the matter to jury trial.**  The DA would likely have proved the felony DUI based on your stop sign violation.  **If the guilty verdict after trial was based on you running the stop sign**, your jeopardy claim would have been much stronger, according to the way I read Illinois v. Vitale, 447 U.S. 410, 419–421 (1980).  Put another way, by failing to take this matter to trial, your jeopardy claim was premature.  Had you been convicted by a jury [and assuming the stop sign violation was the basis for the felony DUI], your jeopardy claim may well have succeeded.  I regret my advice and I apologize for any undeserved consequences.[16]

In an earlier letter, Kuehn told Anderson that he intended to file a petition for en banc reconsideration if the Nevada Supreme Court affirmed the conviction.  After exhausting his ineffective-assistance-of-counsel claims in the state courts,[17] Anderson filed this petition.  I granted the petition in part, finding that Kuehn was ineffective for advising Anderson to plead guilty thus removing any chance Anderson had of defending the charge at trial or collaterally attacking his conviction on double-jeopardy grounds.  The State now asks me to reconsider.

## Discussion

**A.     Standards of review**

*1.     Rule 59(e)*

Reconsideration is "appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."[18]  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[19]  And the clear-error

---

[16] *Id.*  I transcribed this letter exactly as it appears in the original, typeface and brackets included.

[17] ECF No. 15.

[18] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

[19] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

3

"standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."[20]

### 2. *Rule 60(b)*

Rule 60(b)(6) is a catch-all provision that allows the court to grant relief from a final order for any justifiable reason.[21] A party seeking relief under Rule 60(b)(6) must, however, demonstrate the existence of "extraordinary circumstances."[22] Courts may consider a wide range of factors when determining whether the circumstances are extraordinary, including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process."[23]

**B.    Respondents have not established that reconsideration is warranted.**

Respondents argue that the Nevada Supreme Court squarely addressed and rejected Anderson's double-jeopardy claim on direct appeal using the elements test established in *Blockburger v. United States*,[24] and that I erred by overlooking *Blockburger* and its progeny and relying instead on an outdated same-conduct test.[25] When it rejected Anderson's double-jeopardy argument on direct appeal, the Nevada Supreme Court focused exclusively on the statutory elements of each offense.[26] Because Anderson's guilty plea had relieved the State of

---

[20] *Concrete Pipe and Products of California, Inc. v. Constr. Laborers*, 508 U.S. 602, 623 (1993) (internal quotations omitted).

[21] FED. R. CIV. P. 60(b)(6).

[22] *Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005).

[23] *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal citation omitted).

[24] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

[25] ECF No. 24 (same-conduct test from *Grady v. Corbin*, 495 U.S. 508 (1990), which was rejected in *United States v. Dixon*, 509 U.S. 688 (1993)).

[26] ECF No. 9-7 at 2–3.

4

proving a particular predicate offense to support the felony DUI charge, the Nevada Supreme Court's decision was based on a reasonable application of the *Blockburger* test.[27]

Anderson's ineffective-assistance-of-counsel (IAC) claim, however, required me to consider the double-jeopardy issue through a different lens—whether the result of his state court criminal proceeding would have been different had Anderson proceeded to trial. And, because I determined that the Nevada Supreme Court unreasonably applied federal law when it denied the IAC claim, I reviewed the claim *de novo*.

Respondents are mistaken that I relied on the same-conduct standard in deciding to grant Anderson relief. In its order denying Anderson's dismissal motion, the state district court recognized that Nevada's DUI-causing-death-or-serious-bodily-injury statute included as an element the violation of *any* legal duty or obligation, not just the duty to stop.[28] Analogizing that to the circumstances in *Illinois v. Vitale*, the court rejected Anderson's pre-trial double-jeopardy claim because "it is possible for a defendant to meet the legal duty element of the [felony DUI] by violating any number of the rules of the road, not just the failure to stop ordinance."[29] But the court also determined that a double-jeopardy violation would result if the State was unable to prove any violation of a legal duty at trial other than the failure to stop.[30] Relying on dicta in *Vitale* and other U.S. Supreme Court precedent,[31] the court reasoned that, because the State had already punished Anderson for failure to stop, it could "not punish him again for failing to stop as a lesser included offense of the DUI."[32]

---

[27] *See Blockburger*, 284 U.S. at 304; *see also Illinois v. Vitale*, 447 U.S. 410, 419 (1980) ("The point is that if manslaughter by automobile does not always entail proof of a failure to slow, then the two offenses are not the "same" under the *Blockburger* test.").

[28] ECF No. 8-13 at 4–6.

[29] *Id.*

[30] *Id.* at 6–9.

[31] *See Brown v. Ohio*, 432 U.S. 161 (1977); *Whalen v. United States*, 445 U.S. 684 (1980).

[32] *Id.*

5

In reaching this conclusion, the state district court was aware that the same-conduct test had been abrogated by the Supreme Court in *United States v. Dixon* and pointed out that its decision was controlled by the *Blockburger* test.[33] The court took care to clarify that it was focusing on the elements underlying the two charges, not the conduct:

> The State will thus have to prove the violation of a legal duty other than the Defendant's duty to stop at the stop sign in order to convict him of DUI causing serious bodily injury or death. This is the outcome, not because the State would rely on the same criminal *acts* as those the Defendant has already been convicted of committing (which would be permissible). Rather, the Court comes to this decision because if the State could only show the violation of the duty to stop at the DUI trial it would be proving merely that the Defendant had violated the same *statutory elements* as he was already convicted of violating in his misdemeanor case. Such is not permitted by the Constitutions of the United States and Nevada.[34]

So, rather than rely upon the same-conduct test in granting Anderson relief, I concurred with the state district court's analysis, which was expressly reliant on the elements test. I remain convinced that my decision stands on solid legal footing.

*Dixon* overruled *Grady v. Corbin*, in which the High Court three years earlier established the same-conduct test. *Dixon* re-established the same-elements test in *Blockburger* as the one and only test for courts to apply in considering whether a defendant may be prosecuted or punished twice based on a single act or transaction.[35] Where proof of one offense necessarily entails proof that another offense occurred, rendering the latter a lesser-included offense of the former, the two offenses are deemed to be the "same" for purposes of *Blockburger*.[36] In those cases, the greater of the two offenses will require proof of an extra element not found in the other offense, but the lesser offense will require no proof other than that required to convict on the

---

[33] *Id.* at 8 n.2.

[34] ECF No. 8-13 at 9 (emphasis in original).

[35] *Dixon*, 509 U.S. at 703–12; *see also Blockburger*, 284 U.S. at 304.

[36] *See Rutledge v. United States*, 517 U.S. 292, 297 (1996); *Brown*, 432 U.S. at 168–69.

6

greater charge.[37] For double-jeopardy purposes, a greater offense is the "same offense" as any lesser offense it subsumes.[38]

There is no requirement that one particular offense be the lesser-included offense of the other in order for the two to be the same offense for double-jeopardy purposes. In *Harris v. Oklahoma*,[39] the Supreme Court vacated on double-jeopardy grounds the robbery conviction of a petitioner who had previously been convicted of felony murder with the robbery used as the underlying felony. Because felony murder could have been predicated on any of several felonies, robbery was not necessarily a lesser included offense.[40]

In *Vitale*, a juvenile driver who had struck and killed two children pleaded guilty to failing to reduce his speed in order to avoid an accident.[41] The State then charged the driver with two counts of involuntary manslaughter in a juvenile proceeding.[42] Recognizing that manslaughter by automobile does not always entail proof of failure to slow, the U.S. Supreme Court concluded that the "mere possibility that the State will seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution."[43] Relying on *Harris*, the *Vitale* Court added that "if in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a

---

[37] *See Brown*, 432 U.S. at 168.

[38] *See, e.g.*, *Rutledge*, 517 U.S. at 300 (holding offense of conducting a continuing criminal enterprise in concert with others the "same" as lesser-included offense of conspiring to distribute a controlled substance); *Whalen*, 445 U.S. at 694 (holding felony murder premised on killing in the course of a rape the "same" as lesser-included offense of rape); *Brown*, 432 U.S. at 168 (holding auto theft the "same" as lesser-included offense of joyriding).

[39] *Harris v. Oklahoma*, 433 U.S. 682 (1977).

[40] *See Vitale*, 447 U.S. at 420 ("The Oklahoma felony-murder statute [in *Harris*] on its face did not require proof of a robbery to establish felony murder; other felonies could underlie a felony-murder prosecution.").

[41] *Id.* at 411–12.

[42] *Id.* at 412–13.

[43] *Id.* at 419.

substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution."[44] The *Grady* Court seized upon this dictum to add a component to the *Blockburger* test so that the inquiry involves not only whether the two offenses in question had the same elements, but also whether they rested on the same conduct.[45]

Though the Court in *Dixon* unequivocally rejected the same-conduct test and redirected the focus on the elements of the offenses in question, rather than the conduct underlying them,[46] it did not disturb the lesser-included-offense doctrine applied in *Harris* and its progeny. Indeed, the Court applied the doctrine to conclude that the double-jeopardy clause barred prosecution for offenses that had served as predicate offenses to support prior contempt convictions.[47] The charges not barred by double jeopardy in *Dixon* passed the *Blockburger* test even though they would have failed the *Grady* same-conduct test.[48] The Court reasoned that those charges did not qualify as lesser-included offenses of the contempt charge because each required proof of an element that was not necessary to support the prior contempt conviction.[49]

*Dixon*'s rejection of the *Grady* same-conduct test (and the *Vitale* dictum suggesting it) does not affect the outcome here. Like Anderson, Grady and Vitale caused fatal car accidents.[50] But Grady and Vitale's charges did not require proof that the defendant had committed another offense. The involuntary-manslaughter statute in *Vitale* only required proof that the defendant had recklessly engaged in an act that was likely to cause death or great bodily harm;[51] the charges in *Grady* just required proof that the defendant had engaged in criminally negligent or

---

[44] *Id.* at 420.

[45] *Grady*, 495 U.S. at 520–21.

[46] *Dixon*, 509 U.S. at 705–10.

[47] *Id.* at 698–70.

[48] *Id.* at 700–04.

[49] *Id.* at 700–03.

[50] *Grady*, 495 U.S. at 515.

[51] *See* 447 U.S. at 413 n.4.

8

reckless behavior.[52] But the Nevada statute at issue here, NRS § 484C.430(1), requires proof of an independent offense.[53] So, just as robbery served as the predicate offense for felony murder in *Harris*, failure to yield from a stop sign[54] is, in all likelihood, the predicate offense for the felony DUI in Anderson's case.[55] And, just as it did not matter that robbery was one of several possible lesser-included offenses of felony murder, it does not matter that failure to yield at a stop sign is just one of several possible lesser included offenses of felony DUI. Accordingly, a prosecution for felony DUI that depends on Anderson's failure to yield from a stop sign as its lesser-included offense is barred by the double-jeopardy clause.

Respondents argue that the State could have pursued an alternative theory of causation to support its DUI charge and identified those theories in its briefing on Anderson's motion to dismiss in the trial court and again on direct appeal.[56] The only specific infractions identified in the state-court briefing cited by the respondents are failure to maintain a travel lane, speeding, and reckless driving,[57] and respondents do not propose any other theories in their motion for reconsideration. But there was no evidence in the state court record that Anderson was failing to maintain a travel lane or speeding when he caused the fatal collision. Under Nevada law, reckless driving generally requires a "willful or wanton disregard of the safety of persons or property."[58] Based on the testimony presented at his preliminary hearing, Anderson either stopped or slowed down at the stop sign, then entered an intersection and collided with an

---

[52] *See* 495 U.S. at 513–14.

[53] *See Anderson v. State*, 456 P.2d 445, 446 (Nev. 1969) (confirming that the State must prove an "act forbidden by law" in addition to driving under the influence in order to sustain a felony DUI conviction).

[54] Anderson was convicted of violating NEV. REV. STAT. § 484B.257, which encompasses both (1) failing to stop at a stop sign and (2) failing to yield to vehicles with the right of way after stopping at a stop sign. ECF No. 8-9 at 15–16.

[55] *See* ECF No. 8-8.

[56] ECF No. 24 at 10.

[57] ECF No. 8-10 at 12.

[58] *See* NEV. REV. STAT. § 484B.653.

oncoming car causing his truck to spin around and crash into the victim's car.[59]  So, while Anderson was clearly negligent, it does not appear from the preliminary-hearing testimony that he was guilty of reckless driving.

Respondents also lost sight of the touchstone: whether there is a "reasonable probability" of a more favorable outcome had Anderson proceeded to trial.[60]  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome," not a probability that it is "more likely than not" the result would be different.[61]  So, while there is a possibility that the State would have been able to prove a different predicate offense for the felony DUI charge against Anderson, there is also probability that it would not have been able to do so that is sufficient to undermine the outcome of Anderson's criminal proceeding.

In sum, respondents have not persuaded me that my decision was wrong, or that reconsideration is appropriate in light of newly discovered evidence, a change in the law, or in the interests of justice.  So, I decline to reconsider my prior ruling.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' motion for reconsideration **[ECF No. 24] is DENIED**.

IT IS FURTHER ORDERED that **the stay** entered in this proceeding on May 21, 2018, [ECF No. 29] **is LIFTED**.

IT IS FURTHER ORDERED that respondents' motion to strike **[ECF No. 30] is DENIED as moot**.

IT IS FURTHER ORDERED that Anderson must be released from custody by **September 17, 2018**, unless the State files in this matter, within that 60-day period, a written notice of election to try Anderson on the charge contained in the information filed in the Fifth Judicial District Court for Nevada on June 21, 2012, in case number CR7190, and then

---

[59] ECF No. 8-5.

[60] *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[61] *Id.* at 693–94.

commences jury selection in the trial within 120 days following the filing of the notice of election, subject to requests by either party for reasonable modification of the time periods.

The **Clerk of Court** is directed to provide a copy of this order to the Clerk of Nevada's Fifth Judicial District Court, referencing that court's case number CR7190.

Dated: July 20, 2018

_____
U.S. District Judge Jennifer A. Dorsey