UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH D. ANDERSON,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>　　　　　　　　　　　　Respondents. | Case No. 2:14-cv-02015-JAD-VCF<br><br>**Order**<br><br>[ECF Nos. 33, 38, 39] |

On April 3, 2018, I entered judgment granting habeas relief to petitioner Joseph D. Anderson.[1]. The respondents unsuccessfully moved for reconsideration,[2] and in the order denying reconsideration, I directed that Anderson be released from custody by September 17, 2018, unless the State files, in this court, a written notice of election to try Anderson on the original felony DUI charge and then commences jury selection in the trial within 120 days following the filing of the notice of election, subject to requests by either party for reasonable modification of the time periods. Respondents now move to stay that judgment pending appeal.[3]

There is a presumption of release pending appeal when a petitioner has been granted habeas relief.[4] This presumption can be overcome if the following factors weigh in favor of granting a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

---

[1] ECF No. 22

[2] ECF No. 32

[3] ECF No. 33.

[4] *See Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); Fed. Rule App. Proc. 23(c).

injure the other parties interested in the proceeding; and (4) where the public interest lies.[5]

In support of their motion, respondents focus primarily on the first factor.[6] As they did in seeking reconsideration, they once again argue that this court applied an incorrect double-jeopardy standard in analyzing Anderson's ineffective-assistance-of-counsel claim and failed to defer to the Nevada Supreme Court's rejection of Anderson's double-jeopardy argument.[7] Without conceding doubt, I agree that respondents' appeal "raises serious legal questions," and that's sufficient to satisfy the first factor of the *Hilton* test.[8]

But respondents' showing on the remaining factors is lackluster. As to the irreparable harm they will suffer if a stay is not issued, respondents point to nothing more than the time and expense required to try Anderson in state court while their appeal in this case remains pending.[9] This circumstance is present as a matter of course in any case where habeas relief is granted, so it weighs not against the presumption in favor of release recognized in *Hilton*. The same can be said for respondents' fourth-prong showing, for which they cite only to the public's interest in the finality of convictions.[10] The public's interest in not having prisoners incarcerated in violation of their constitutional rights also carries significant weight. Common considerations weighing against release—flight risk, danger to the public, and a lengthy sentence remaining to be served—are not mentioned by the respondents and do not appear to be a significant concern in

---

[5] *Hilton*, 481 U.S. at 776.

[6] ECF No. 33, p. 2-4.

[7] *Id.*

[8] *See Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011) (holding that that the first factor only requires a showing that the appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success").

[9] ECF No. 37, p. 3.

[10] ECF No. 33, p. 5.

2

this case.[11] In summary, the respondents have not established that the factors in *Hilton* warrant a stay pending the outcome of their appeal.[12]

IT IS THEREFORE ORDERED that respondents' motion to stay judgment pending appeal **(ECF No. 33) is DENIED**.

IT IS FURTHER ORDERED that, because the court did not consider his proposed sur-reply in denying respondents' motion, petitioner's motion for leave to file the surreply **(ECF No. 38) is DENIED** as moot.

IT IS FURTHER ORDERED that respondents' motion for extension of time **(ECF No. 39) is GRANTED**. Respondents have until September 20, 2018, to file the notice of election to try petitioner in accordance with the July 20, 2018, order (ECF No. 32).

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 10, 2018

---

[11] *See Hilton*, 481 U.S. at 777-78 (noting that habeas petitioner's interest in release on appeal is strongest where these factors are the weakest).

[12] *See id.* (noting that, with a showing of likelihood of success on the merits, continued custody is permissible if the second and fourth factors militate against release).

3